UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

WOODSTONE CONDOMINIUM
OWNERS ASSOCIATION, INC., DBA
WOODSTONE CONDOMINIUMS
ASSOCIATION,

    *Plaintiff*,

v.                                           Case No. 5:24-CV-0364-JKP-ESC

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Partial Motion to Dismiss (ECF No. 13). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of the extracontractual claims asserted under Chapter 541 of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA") in Plaintiff's Amended Complaint (ECF No. 7). With Plaintiff's response (ECF No. 18) and Defendant's reply (ECF No. 19), the motion is ripe for ruling. After considering the motion, related briefing, and applicable law, the Court grants the motion in part and denies it in part.

### I. BACKGROUND[1]

Plaintiff commenced this case in state court, but Defendant removed it on the basis of diversity jurisdiction. *See* Notice of Removal (ECF No. 1). After removal and compliance with this Court's Standing Order (ECF No. 3) regarding motions to dismiss, Plaintiff filed an advisory (ECF No. 6) stating its intent to amend the complaint. A week later, it filed its amended complaint. *See* ECF No. 7.

---

[1] The Amended Complaint provides the background facts, which the Court views in the light most favorable to Plaintiff as required under Fed. R. Civ. P. 12(b)(6).

Plaintiff sues its insurance carrier under a commercial insurance policy (Policy Number PHPK2186635 (the "Policy"), with effective dates of October 1, 2020, to October 1, 2021) issued to cover five buildings located on the relevant property in Seguin, Texas. *Id*. ¶ 1. It asserts four claims against Defendant: (1) breach of contract; (2) violations of Chapter 542 of the Texas Insurance Code governing prompt payment requirements; (3) violations of Chapter 541 of the Texas Insurance Code governing unfair settlement practices; and (4) violations of the DTPA, Tex. Bus. & Com. Code §§ 17.46(b)(5),[2] 17.50(a)(3)-(4). *Id*. ¶¶ 16-43. It alleges that the acts described in its amended complaint were done with knowledge and were a producing cause of its damages. *Id*. ¶ 44. As relief, it seeks (1) actual economic damages; (2) statutory damages; (3) punitive or exemplary damages; (4) attorney's fees; and (5) such other relief to which it may be entitled. *Id*. at 11.

In response to Amended Complaint, Defendant filed the instant partial motion to dismiss. Pursuant to Fed. R. Civ. P. 12(b)(6), it seeks to dismiss Plaintiff's Chapter 541 and DTPA extracontractual claims. The motion is ready for ruling.

## II. APPLICABLE LAW

In this case based on diversity jurisdiction, Texas substantive law applies while federal law governs matters of procedure. *See Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 357 (W.D. Tex. 2020); *Silo Restaurant Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 569 (W.D. Tex. 2019). No party disputes the applicable law.

## III. APPLICABLE LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice

---

[2] Plaintiff refers to § 17.46(5), which the Court construes as § 17.46(b)(5).

of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When ruling on a motion to dismiss, courts "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). And despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted. *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 WL 2636017, at *1 (W.D. Tex. June 25, 2021).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Plaintiffs need not plead the legal basis for a claim, but they "must plead facts sufficient to show that [the] claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam). And they satisfy that standard when they allege "simply, concisely, and directly events" that are sufficient to inform the defendant of the "factual basis" of their claim. *Id.*

Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to

> relief don't suffice. Thus, though [courts] generally take as true what a complaint alleges, [they] do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

The "heightened pleading standard" of Fed. R. Civ. P. 9(b) applies for allegations of fraud or mistake. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). With respect to claims under the Texas Insurance Code, alleged violations of § 541.060(a)(1) are subject to Rule 9(b), whereas Plaintiff's other claims under § 541.060(a) are not. *See Perry v. Minn. Life Ins. Co.*, No. 6:23-CV-00018, 2023 WL 11802193, at *2 (S.D. Tex. July 14, 2023); *Go Indus. Inc. v. Acadia Ins. Co.*, No. 3:20-CV-3038-K, 2021 WL 12299952, at *6, 9 (N.D. Tex. Aug. 2, 2021). Because all "state-law fraud claims are subject to the pleading requirements of Rule 9(b)," *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338-39 (5th Cir. 2008), Rule 9(b) applies to Plaintiff's DTPA claims, *see Kumar v. Panera Bread Co.*, No. 23-20178, 2024 WL 1216562, at *4 (5th Cir. Mar. 21, 2024) (per curiam); *accord Crosswell v. Martinez*, ___F.4th ___, ___, No. 23-20535, 2024 WL 4510449, at *6 (5th Cir. Oct. 17, 2024) (noting that district court applied Rule 9(b) to DTPA claims and appellants did not challenge that application).

"In a pleading alleging fraud, a plaintiff must state the circumstances constituting fraud with particularity." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'" *Kanneganti*, 565 F.3d at 185. And "[t]he particularity demanded by Rule 9(b) is

supplemental to the [*Twombly* standard]." *Id*. The *Twombly* standard "raises a hurdle in front of what courts had previously seen as a plaintiff's nigh immediate access to discovery—modest in its demands but wide in its scope." *Id*. In addressing the interplay between *Twombly* and Rules 8(a) and 9(b), the Fifth Circuit noted:

> In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. We apply Rule 9(b) to fraud complaints with "bite" and "without apology," but also aware that Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not "reflect a subscription to fact pleading" and requires only "simple, concise, and direct" allegations of the "circumstances constituting fraud," which after *Twombly* must make relief plausible, not merely conceivable, when taken as true.

*Id*. at 185-86. (citations and footnotes omitted).

As the party moving for dismissal under Fed. R. Civ. P. 12(b)(6), Defendant has the burden to provide a basis for dismissal, and that includes invoking Rule 9(b), if warranted. Because Defendant does not invoke the pleading requirements of Rule 9(b) as a basis for dismissal, the Court has no further need to address the stricter pleading requirements. The Court will address Defendant's dismissal arguments as presented to it.

## IV. FAILURE TO PLEAD DAMAGES

Defendant first argues that Plaintiff fails to state any plausible violation of Chapter 541 or the DTPA because it has not alleged damages that resulted independently from its extracontractual claims. Mot. at 6-7. It contends that Plaintiff's ability to plead multiple alternative claims does not mean that Plaintiff can ignore the federal pleading requirements. Reply at 2.

Chapter 541 of the Texas Insurance Code governs "Unfair Methods of Competition and Unfair or Deceptive Acts or Practices." This chapter replaced Article 21.21 of the Texas Insurance Code, *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 280 n.2 (5th Cir. 2007), and "cases interpreting Article 21.21 are relevant to Chapter 541 claims," *Don Strange of Tex., Inc. v. Cincinnati Ins. Co.*, No. SA-20-CV-00898-XR, 2020 WL 8410466, at *2 (W.D. Tex. Sept. 14, 2020).

5

Section 541.151 authorizes private actions for any "person who sustains actual damages" by another person engaging in (1) unfair methods of competition or unfair or deceptive acts defined in Subchapter B of Chapter 541 of the Insurance Code or (2) "specifically enumerated" unlawful deceptive trade practices in § 17.46(b) of the Business & Commerce Code. Relatedly, § 17.50(a) of the DTPA provides consumers with a private cause of action when certain acts are "a producing cause of economic damages or damages for mental anguish." These damage requirements form the premise for Defendant's argument.

"Actual damages under the Insurance Code are those damages recoverable at common law, which include benefit-of-the-bargain damages representing the difference between the value as represented and the value received." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (citations and internal quotation marks omitted). In *Menchaca*, the Texas Supreme Court clarified the complex and sometimes confusing area of law regarding recovering policy benefits for statutory violations. *See id.* at 486-504. While answering "[t]he primary question" as to "whether an insured can recover policy benefits as 'actual damages' caused by an insurer's statutory violation absent a finding that the insured had a contractual right to the benefits under the insurance policy," the Supreme Court recognized that the general "answer to this question is 'no,' but the issue is complicated and involves several related questions." *Id.* at 489. Thus, "to clarify these issues," it identified

> five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context. First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the

6

> insured a right to benefits. And fifth, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*Id*.

Defendant's argument compels further consideration of the facts alleged in this case. Plaintiff alleges that, after Defendant inspected the property, "Plaintiff submitted its Sworn Proof of Loss ('POL') for the claimed damages resulting from the Loss in the replacement cost amount of $414,832.74 (structure only)." ECF No. 7 ¶ 12. It alleges that, as the result of Defendant's breach of contract and failure to promptly pay benefits, it "has been damaged in the sum of at least $404,941.05." *Id.* ¶ 17. Plaintiff thereafter sets out various alleged unfair settlement practices under Chapter 541 without identifying any additional damages. *See id.* ¶¶ 23-37 (referencing Tex. Ins. Code § 541.060(a)(1), (2)(A), (3), (4), and (7)). Similarly, it sets out alleged violations of the DTPA without identifying any amount of additional damages. *See id.* ¶¶ 38-43 (referencing DTPA §§ 17.46(b)(5) and 17.50(a)(3)-(4)). But it does state that it "now makes a claim for its economic damages and reasonable and necessary attorney fees" for the violations of the DTPA and Section 541.060 of the Texas Insurance Code. *Id.* ¶ 39. It further alleges that the knowing acts of Defendant "was a producing cause of Plaintiff's damages described herein." *Id.* ¶ 44.

Relying on two district court cases that preceded *Menchaca*, Defendant argues that Plaintiff must plead more. Mot. at 6 (citing *Tracy v. Chubb Lloyds Ins. Co. of Tex.*, No. 4:12-CV-042-A, 2012 WL 2477706, at *5 (N.D. Tex. June 28, 2012); *Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *6 (E.D. Tex. June 6, 2014) (recommendation of Mg. J.) *adopted by* 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014)). In finding certain claims not plausible, *Tracy* began with "the recognition that Texas law does not, as a general rule, consider a Texas Insurance Code or common-law good faith and fair dealing claim to be viable unless the insured has suffered damages beyond the damages claimed for, or resulting from, breach of the

insurance policy contract." 2012 WL 2477706, at *5. In light of that general rule and because the *Tracy* court viewed "[t]he only reasonable reading of the allegations of plaintiffs' amended complaint" as referring to only "breach of contract damages," the court found that "plaintiffs have failed to state viable extracontractual claims." *Id*. at *6-7. Plaintiffs in *Weidner* did not respond to the argument that claims were "not plausible unless Plaintiffs have alleged damages separate and apart from their alleged contract damages," and relying on *Tracy*, the *Weidner* court found "[t]he only reasonable interpretation of Plaintiffs' complaint is that the damages referred to by the Plaintiffs are breach of contract damages." *See* 2014 WL 8397281, at *6.

Naturally, under Fed. R. Civ. P. 12(b)(6), the success of a given motion to dismiss depends on the allegations of the operative pleading. And while *Menchaca* does not address the federal pleading requirements, it provides needed clarification as to the interrelationship between Plaintiff's contractual and extra-contractual claims in the current context. *See* 545 S.W.3d at 489. That *Menchaca* was decided after a jury trial, as Defendant points out in its attempt to distinguish the case, *see* Reply at 1-2, does not make Plaintiff's reliance upon the case misplaced. The five rules of *Menchaca* govern the interrelationship of Plaintiff's claims in this case. And under *Menchaca*, a plaintiff may recover policy benefits as actual damages through multiple alternatives.

As crystalized in the fifth identified rule, i.e., the "No-Recovery Rule," the only circumstances when an insured is unable to recover any damages based on an insurer's statutory violation is when the insured either fails to establish "a right to receive benefits under the policy" or fails to establish "an injury independent of a right to benefits." *Menchaca*, 545 S.W.3d at 500. This fifth rule clarifies that a statutory claim may be viable even if the only damages are benefits obtainable under the policy. And, as "the natural corollary to the first four rules," the other rules unsurprisingly support that clarification.

Under the second identified rule, i.e., the "Entitled-to-Benefits Rule," insureds who

establish "a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *Id.* at 495. As *Menchaca* explains, this "logical corollary to the general rule," is consistent with prior precedent that "an insurer's unfair refusal to pay the insured's claim causes damages as a matter of law in at least the amount of the policy benefits wrongfully withheld." *Id.* (quoting *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 136 (Tex. 1988)). Because the Insurance Code provides that the statutory remedies are cumulative of other remedies . . . insureds c[an] elect to recover the benefits under the statute even though they also could have asserted a breach-of-contract claim." *Id.*

Further, under the third identified rule, i.e., the "Benefits-Lost Rule," insureds "can recover benefits as actual damages under the Insurance Code even if the insured has no right to those benefits under the policy, *if the insurer's conduct caused the insured to lose that contractual right*." *Id.* at 497. This principle applies in various contexts, including when an insurer is alleged to have "misrepresented a policy's coverage." *Id.* Additionally, "the benefits-lost rule may apply when the insurer's statutory violation actually caused the policy not to cover losses that it otherwise would have covered." *Id.* at 498.

Although the Texas Supreme Court has recognized that "a successful independent-injury claim would be rare," and at the time of *Menchaca*, it had "yet to encounter one," the fourth identified rule, i.e., the "Independent-Injury Rule," naturally "derives from the fact that an insurer's extra-contractual liability is 'distinct' from its liability for benefits under the insurance policy" and this rule has two separate aspects. *Id.* at 499-500. First, insureds may recover damages for an independent injury caused by a statutory violation "even if" they are not entitled to benefits under the policy. *Id.* at 499. But this aspect applies "only if the damages are truly independent of the insured's right to receive policy benefits." *Id.* at 499-500. Insureds who seek "to recover damages

9

that are predicated on, flow from, or stem from policy benefits," are relegated to the general rule, which "precludes recovery unless the policy entitles the insured to those benefits." *Id*. at 500 (citations and internal quotation marks omitted). Second, "an insurer's statutory violation does not permit the insured to recover *any* damages beyond policy benefits unless the violation causes an injury that is independent from the loss of the benefits." *Id*. "As the phrase 'beyond policy benefits' suggests, the independent-injury rule does not restrict the damages an insured can recover under the entitled-to-benefits rule. Rather, the independent-injury rule limits the recovery of other damages that 'flow' or 'stem' from a mere denial of policy benefits." *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 452 (5th Cir. 2018) (quoting *Menchaca*, 545 S.W.3d at 500).

Of course, plaintiffs who succeed on a breach of contract claim cannot recover for the same injury through an extra-contractual claim. See *Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006) ("We agree that Chapa could assert her claim in several forms but disagree that she could recover in all of them."). Still, plaintiffs may assert alternative bases for damages. When one views the operative pleading in this case in the light most favorable to Plaintiff, one can reasonably infer that Plaintiff seeks its denied contractual benefits alternatively through its breach of contract claim and its extra-contractual claims. *Menchaca* provides multiple pathways for such alternate claims. The Court will not foreclose extra-contractual claims merely because the insurer views the various claims to seek the same damages. Plaintiff, furthermore, asserts unspecified economic damages associated with its statutory claims, which may or may not duplicate in whole or in part the damages sought for breach of contract.

Through its extra-contractual claims, Plaintiff may recover asserted damages either through showing that (1) it has a right to receive insurance benefits and Defendant's statutory violative conduct caused it to lose the benefits, (2) Defendant's statutory violation caused Plaintiff to lose contractual rights to benefits even if Plaintiff has no right to those benefits under the policy,

or (3) through an independent injury caused by a statutory violation. At this point the Court is only reviewing the pleadings for enough allegations to state a plausible claim. Defendant's argument regarding damages does not make Plaintiff's extra-contractual claims implausible.

Defendant also relies on a state appellate decision for the proposition that because Plaintiff "has not alleged any independent damages, [it] has failed to state a plausible claim for a violation of the DTPA." Mot. at 7 (citing *MacIntire v. Armed Forces Benefit Ass'n*, 27 S.W.3d 85, 92 (Tex. App.—San Antonio 2000, no pet.)). But as discussed above, a plaintiff may have a plausible DTPA claim even absent independent damages. To the extent *MacIntire* is contrary to *Menchaca*, the Texas Supreme Court controls. Furthermore, *MacIntire* did not address plausibility; it addressed whether the plaintiff had provided evidence to survive summary judgment under the facts of that case. This Court does not find *MacIntire* to be controlling. Nor does the case dictate that this Court find the DTPA claims implausible under the allegations of Plaintiff's operative pleading.

## V. CLAIMS OF MISREPRESENTATION

Defendant next argues that Plaintiff's misrepresentation claims are insufficient to support a claim under the Texas Insurance Code or DTPA. Mot. at 7-10. Although the heading suggests a challenge to all statutory claims, Defendant only challenges Tex. Ins. Code § 541.060(a)(1) and the DTPA provision premised on the alleged misrepresentations, i.e., Tex. Bus. & Com. Code § 17.50(a)(4) to the extent the Chapter 541 violation is § 541.060(a)(1). Accordingly, the Court first focuses its discussion on these alleged violations. But because Defendant later asserts the same arguments with respect to § 17.46(b)(5) and § 17.50(a)(3), the Court will address them as well.

With respect to the claimed violation of § 541.060(a)(1) and related DTPA claim, Defendant presents two reasons for dismissal: (1) Plaintiff has failed to sufficiently plead that it relied on the misrepresentations and that they were the source of its damages and (2) post-loss representations are not actionable as extra-contractual claims.

11

The Court disagrees with the latter premise as a general statement. While there are cases that have held that, to be actionable, a "misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage," *see*, *e.g.*, *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014), other cases disagree because "such a reading unduly narrows the scope of the provision," and because "numerous cases have found allegations" of post-loss representations as "sufficient to state a claim under Tex. Ins. Code § 541.060(a)(1), *see*, *Glidewell v. Safeco Ins. Co. of Ind.*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *5 (N.D. Tex. Aug. 13, 2015) (citing cases); *accord DFWS, LLC v. Atl. Cas. Ins. Co.*, No. 3:20-CV-2499-G, 2020 WL 6946515, at *3 (N.D. Tex. Nov. 24, 2020). *Glidewell* appears to be the better position. Accordingly, the second premise is not grounds for dismissal absent binding or persuasive authority to the contrary, which Defendant has not provided here.

The first premise, however, has merit under the facts alleged in this case. "Under Texas law, if the insured does not rely to his detriment on the misrepresentation when making a decision, there is no actionable claim." *Taboada v. State Farm Lloyds*, No. 2:18-CV-453, 2020 WL 264688, at *2 (S.D. Tex. Jan. 17, 2020) (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 695 (Tex. 1979)). Plaintiff has not alleged any reliance in its pleading. But in response to the motion, it explains how it relied on Defendant's statements and acted to its detriment. Such explanatory allegation is not properly before the Court, as it is not within Plaintiff's operative pleading. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint, including those made on appeal.").

Defendant also asserts the absence of reliance as a basis to dismiss Plaintiff's DTPA claims under § 17.46(b)(5) and § 17.50(a)(3). *See* Mot. at 10. Undoubtedly, "[f]or DTPA claims under

12

section 17.46, a consumer must have also relied to its detriment on the seller's acts or representations and such acts or representations must have been the producing cause of the consumer's damages." *Yumilicious Franchise, LLC v. Barrie*, No. 3:13-CV-4841-L, 2015 WL 1822877, at *4 (N.D. Tex. Apr. 22, 2015) (citing Tex. Bus. & Com. Code § 17.50(a)). *See also* Tex. Ins. Code § 541.151(2) (requiring detrimental reliance for actions premised on § 17.46(b)).

But neither § 17.50(a)(3) nor § 541.151(1) of themselves require detrimental reliance. With respect to § 17.50(a)(3), the Court need not further consider detrimental reliance because Defendant argues that, regardless of reliance, Plaintiff has failed to state a claim under § 17.50(a)(3) for "any unconscionable action or course of action by any person" because such claim looks to conduct at the time of the sale. Mot. at 11. As recognized by the Fifth Circuit, "the Supreme Court of Texas has held that unconscionability requires that the seller take advantage of lack of knowledge, ability, experience, or capacity of a person '*at the time of the sale*.'" *Tolbert ex rel. Tolbert v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 657 F.3d 262, 272 (5th Cir. 2011) (emphasis in original) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995)). Based on the allegations of this case, Plaintiff has no plausible claim under § 17.50(a)(3) for the reasons argued by Defendant.

Plaintiff does not address the above ramifications but argues that it has stated a claim under the DTPA because it satisfies the elements for such a claim and because § 17.50(a)(4) incorporates a remedy for violations of § 541.060 of the Texas Insurance Code. Resp. at 9. Section 17.50(a)(4) does provide a basis to summarily deny dismissal of DTPA claims premised on undismissed Chapter 541 violations. *See Go Indus. Inc. v. Acadia Ins. Co.*, No. 3:20-CV-3038-K, 2021 WL 12299952, at *9 (N.D. Tex. Aug. 2, 2021); *DFWS, LLC v. Atl. Cas. Ins. Co.*, No. 3:20-CV-2499-G, 2020 WL 6946515, at *6 (N.D. Tex. Nov. 24, 2020). A violation of § 17.50(a)(4) "requires an underlying violation of the Insurance Code, and so the DTPA claim will rise or fall based on the Insurance Code claims." *Univ. Baptist Church of Fort Worth v. York Risk Servs. Grp. Inc.*, 776 F.

13

App'x 863, 864 (5th Cir. 2019) (per curiam); *accord Hope v. State Farm Lloyds*, No. 5:21-CV-00510-OLG, 2024 WL 2886166, at *1 (W.D. Tex. May 28, 2024) ("Plaintiff cannot maintain a Section 17.50(a)(4) claim under the DTPA without an underlying violation of Chapter 541 of the Insurance Code.").

Here, Plaintiff has failed to allege reliance and thus fails to state a claim under § 541.060(a)(1) and § 17.46(b)(5). It has also failed to state a claim under § 17.50(a)(3) for the reasons stated. But Defendant has been unsuccessful at obtaining dismissal of Plaintiff's claims asserted under § 541.060(a)(2)(A), (3), (4), and (7). The continued presence of these claims provides a plausible basis for a DTPA claim under § 17.50(a)(4).

## VI. LEAVE TO AMEND

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that dismissal is warranted. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

Plaintiff has asked to amend its complaint. *See* Resp. at 10-11. It also provided allegations regarding reliance, *see id.* at 6-7, that the Court has not considered as a basis to avoid dismissal under Fed. R. Civ. P. 12(b)(6). Although the Court may consider new allegations within a response when considering whether to allow an amendment, many factors may affect such consideration.

According to Defendant's certificate of conference attached to the motion to dismiss, it complied with this Court's standing order, Plaintiff filed the amended complaint in response, and Defendant views the amended pleading as still deficient. *See* Mot. at 12. Defendant also opposes Plaintiff's request to replead because its compliance with the Court's standing order provided Plaintiff with an opportunity to present its best case. *See* Reply at 4. It also questions whether the

14

new allegation of Plaintiff regarding reliance is legally sufficient to support its claims. *Id*. at 3 n.3.

The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 3 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, **the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss**." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)).

Although Defendant complied with this Court's standing order and Plaintiff filed an amended complaint to address noted deficiencies, Plaintiff seeks leave to file another amendment. But its current request to amend provides no reason why the procedure applied through the Court's standing order failed to provide an adequate opportunity to present its best case. Plaintiff merely recites the typical process of permitting an amendment to cure pleading deficiencies and the familiar refrain "that leave to amend 'shall be freely given when justice so requires.'" Resp. at 10-11 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Justice does not require serial amendments in response to motions to dismiss. Plaintiff has provided no reason for its failure to include the reliance allegation in its amended complaint.

Based upon all of the foregoing, the Court finds that Plaintiff has had an adequate opportunity to state its best case and thus declines to exercise its discretion to permit the filing of another amended complaint.

## VII. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Partial Motion to Dismiss (ECF No. 13) filed by Defendant. The Court grants the motion only to the

extent of dismissing any claim based on Tex. Ins. Code § 541.060(a)(1) or Tex. Bus. & Com. Code §§ 17.46(b)(5) or 17.50(a)(3). These claims are dismissed with prejudice. The Court otherwise denies the motion. Plaintiff's claims under § 541.060(a)(2)(A), (3), (4), and (7), as well as its DTPA claim under § 17.50(a)(4) remain.

**SIGNED this 28th day of October 2024.**

JASON PULLIAM
UNITED STATES DISTRICT JUDGE